UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JARROD BUTLER, on his behalf and
on behalf of those similarly situated,

      Plaintiff,

v.

COMMUNITY CONNECTIONS
FOR LIFE, INC., a Florida
Corporation, and TONYA ROBINSON           **Collective Action**
in her individual capacity, jointly and severally,

      Defendants.

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, JARROD BUTLER, on his behalf and on behalf of those similarly situated,

pursuant to 29 U.S.C. § 216, through undersigned counsel, sues Defendants, COMMUNITY

CONNECTIONS FOR LIFE INC., a Florida Corporation, and TONYA ROBINSON, in

her individual capacity, for declaratory relief, injunctive relief, and unpaid overtime damages.

In support hereof, Plaintiff states:

### NATURE OF ACTION

1.     Plaintiff brings this action against Defendants for unpaid overtime violations

under the Fair Labor Standards Act of 1938, 29 U.S.C. §201, *et seq*. ("FLSA").

### JURISDICTION AND VENUE

2.     This Court has jurisdiction over the claims herein pursuant to 29 U.S.C. §

201, *et seq*. ("FLSA") and 26 U.S.C. Sec. 7434.

3.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

4.      Plaintiff is an individual residing in Broward County, Florida and was engaged in commerce as defined by the FLSA while employed by Defendants.

5.      Defendant COMMUNITY CONNECTIONS FOR LIFE, INC. (hereinafter "CCFL") is in the business of providing behavior health case management services.

6.      Defendant TONYA ROBINSON (hereinafter "ROBINSON") owns, operates, and manages CCFL and was Plaintiff's employers as defined by the FLSA.

7.      ROBINSON is an individual residing in Miami-Dade County, Florida and is an officer and owner of CCFL whom during all times relevant to this Complaint was acting directly or indirectly in the interest of CCFL in relation to Plaintiff's employment and was substantially in control of the terms and conditions of Plaintiff's work and, therefore, is considered Plaintiff's statutory employer under the FLSA along with CCFL.

8.      Plaintiff worked for Defendants as a case manager for Defendants' behavioral health case management business in Miami-Dade County, Florida.  Therefore, this Court has jurisdiction over this case.

**STATEMENT OF FACTS**

8.      Defendants hired Plaintiff on or about 2014, to work as a case manager.

9.      Plaintiff performed work solely for Defendants up until his termination on May 4, 2021.

10.      Plaintiff was not Defendants' independent contractor; Plaintiff was an employee as defined by the FLSA.

11.      Plaintiff, and those similarly situated to him (hereinafter "Case Manager Collectives"), did not own or operate their own company.

12.     Plaintiff and the Case Manager Collectives used Defendants' phone, computer, case management software, and other forms and materials to perform their assigned case management tasks.

13.     Defendants told Plaintiff and Case Manager Collectives what work needed to be done.

14.     Defendants required the Plaintiff and Case Manager Collectives to work a set full-time schedule.

15.     Plaintiff and Case Manager Collectives relied on Defendants for their daily work tasks.

16.     Plaintiff's and Case Manager Collective's tasks included personally calling patients to assess behavioral health needs and to arrange for behavioral health services to be provided to those patients.

17.     Defendants required the Plaintiff and Case Manager Collectives to attend regularly scheduled training meetings conducted by Defendants and/or service providers.

18.     Plaintiff's and Case Manager Collectives' job duties as a case manager were completely integrated with the activities of Defendants such that the success of Defendants' business significantly depended upon the services that Plaintiff and Case Manager Collectives provided.

19.     Plaintiff and Case Manager Collectives regularly worked in excess of forty (40) hours per week.

20.     Defendants failed to pay Plaintiffs and Case Manager Collectives any overtime compensation when they worked in excess of forty (40) hours per week.

21.     Every employer of employees subject to the Fair Labor Standards Act's minimum wage and overtime provisions must post, and keep posted, a notice explaining the FLSA in a conspicuous place in all of their establishments so as to permit employees to readily read it.

22.     Defendants failed to post any minimum wage and overtime notices as required by the Department of Labor and the Fair Labor Standards Act.

23.     To the extent that Defendants never posted any notice, as required by the Fair Labor Standards Act, to inform employees of their federal rights to overtime and minimum wage payments, the statute of limitation for Plaintiff's and Case Manager Collectives' FLSA claims are equitably tolled. *See, e.g. Cruz v. Maya*, 773 F3.d 138, 147 (4th Cir. 2014) (extending failure to post tolling in the ADEA context to the FLSA); *Yu G. Ke v. Saigon Grill, Inc.* 595 F. Supp. 240, 259 (S.D.N.Y. 2008) ("[F]ailure to provide required notice of the governing legal requirements may be a sufficient basis for tolling."); *Kamens v. Summitt Stainless, Inc.,* 586 Supp. 324, 328 (E.D. Pa. 1984) ("An employer's failure to post a statutorily required notice of this type tolls the running of any period of limitations.").

24.     At all times material hereto, Plaintiff and Case Manager Collectives performed the essential functions of their jobs in a professional and competent manner.

25.     While employed by Defendants, Plaintiff and Case Manager Collectives were non-exempt employees as that term is defined by the FLSA.

26.     Based on the nature of Plaintiff's and Case Manager Collectives' work, they held non-FLSA-exempt positions with Defendants.

27.     Defendants paid Plaintiff and Case Manager Collectives based on units, which were billed hours of work performed by them.

28.     Defendants did not pay Plaintiff and Case Manager Collectives time and a half their hourly rate for hours in excess of 40 per workweek.

29.     Defendants did not keep accurate time records of the hours that Plaintiff and Case Manager Collectives worked.

30.     Defendants paid Plaintiff and Case Manager Collectives bi-weekly like employees.

31.     Plaintiff has retained the law firm of Robert S. Norell, P.A. to represent him in this matter and has agreed to pay said firm a reasonable attorney's fee for its services.

## COUNT I – VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT

32.     Plaintiff re-alleges and incorporates by reference all allegations contained in Paragraphs 1-31, supra.

33.     Defendants repeatedly and willfully violated the FLSA by failing to compensate Plaintiff and similarly situated Case Manager Collectives at a rate not less than one and one-half times the regular rate at which they were employed for workweeks longer than forty (40) hours.

34.     As a direct and proximate result of Defendants' acts, Plaintiff and Case Manager Collectives suffered and continue to suffer damages.

WHEREFORE, Plaintiff demands judgment against all Defendants for the following:

A.     Declaratory judgment under Fed. R. Civ. Pro. 57 and 28 U.S.C. § 2201;

B.     Injunctive relief;

C.     Unpaid overtime wages found to be due and owing;

D.     An additional equal amount as liquidated damages;

E.     Pre- and Post-Judgment Interest;

F.      Attorney's fees and costs; and

G.      Such other relief as the Court deems just and equitable.

**<u>DEMAND FOR JURY TRIAL</u>**

The Plaintiff hereby demands a jury trial on and for all issues so triable.

Respectfully submitted on October 18, 2021,

*/s/Robert S. Norell, Esq.*
Robert S. Norell, Esquire
Florida Bar No. 996777
**ROBERT S. NORELL, P.A.**
300 N.W. 70th Avenue
Suite 305
Plantation, Florida 33317
Phone: (954) 617-6017
Facsimile: (954) 617-6018
Email: rob@floridawagelaw.com
*Counsel for Plaintiff*